[No. 17487.  Department Two.  January 18, 1923.]

NEW AMSTERDAM CASUALTY COMPANY, *Appellant*, v. M. L. HAMILTON *et al.*, *Respondents*.[1]

INDEMNITY (5) — CONTRACT — CONSTRUCTION — SUBSTITUTION OF BOND. Where an agreement indemnifying a surety company, on bonding a county depository bank, gave the company the right to substitute another bond to which the agreement should apply, the indemnitors are liable for a loss upon a substituted bond, given upon a change in administrative officers, in the same terms, and on the same day that the original bond was cancelled.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 11, 1922, upon findings in favor of the defendants, dismissing an action on an indemnity bond, tried to the court. Reversed.

*Ogden & Clarke*, for appellant.
*Carroll B. Graves*, for respondents.

MAIN, C. J.—The plaintiff brought this action against the defendants upon an indemnity agreement which they had signed and by the terms of which they had agreed to hold the plaintiff harmless against any loss which it might sustain upon a certain depository bond in the sum of $2,500, or any continuation or renewal or substitute thereof issued by it to the treasurer of King county. The defendants denied liability, and

[1] Reported in 212 Pac. 147.

the cause was tried to the court without a jury, and resulted in a judgment dismissing the action, from which the plaintiff appeals.

The facts are not in dispute and may be summarized as follows: The appellant is a surety company engaged in the writing of bonds. The Citizens Bank of Georgetown, which will be referred to as the bank, was conducting a banking business. Early in the year 1919, the county treasurer designated the bank as one of the depositories for county funds. On the 19th day of January of that year the bank delivered to the county treasurer a depository bond in the sum of $2,500, conditioned to hold the treasurer and the county harmless against loss on account of any deposits made in the bank. The bond was signed by the bank as principal and by the appellant as surety. On March 24, 1919, the respondents delivered to the appellant an indemnity agreement, conditioned to hold it harmless against any loss occurring by reason of the execution of the surety bond. The indemnity agreement, among other things, provided:

"Third, that the surety shall have the right and is hereby authorized but not required: . . . (b) from time to time, to increase or decrease the penalty of said bond, continuation or renewal thereof, to change the obligee or obligees therein, to execute or consent to the execution of any continuance, extensions, enlargements, modifications, changes, alterations or renewals of the obligation of suretyship assumed under said bond, and to execute any substitutes for said bond, with the same or different conditions, provisions and obligees, and with the same or larger or smaller penalties, it being agreed that this instrument shall in all its terms apply accordingly."

The bond above mentioned remained in effect until January 10, 1921, when it was cancelled by the appellant. Early in January of that year, William A.

Gaines had been re-elected as county treasurer, and he was advised by the prosecuting attorney's office that he should make a re-designation of the depositories for county funds and require that new bonds should be written covering all county funds placed in banks. It was for this reason that the bond of 1919 was cancelled and a new bond executed on January 10, 1921. The second bond was exactly like the first except the change of date. At the time the second bond was issued, the Citizens Bank of Georgetown was designated as one of the depositories. On January 28, 1921, the bank closed its doors and failed on demand to pay the county treasurer the amount of county funds on deposit then therein. The treasurer thereupon demanded from the appellant the sum of $2,500, the penalty of the bond, which was paid by it on March 4, 1921. At the time the second bond was executed and at the time the bank failed, the county had on deposit therein the sum of $10,000.

The controlling question in the case is whether the respondents, as signers of the indemnity agreement when the first bond was executed, can be held for a loss occurring after the execution of the second one. The indemnity agreement, as shown by excerpt therefrom above quoted, provided that the appellant had the right and was authorized from time to time to execute a bond which would be a continuation of the first or a renewal thereof, and "to execute any substitutes for said bond." The theory of the appellant's argument is that the second bond, issued under the circumstances as above indicated, was a substitute for the first and comes directly within the provisions of the indemnity agreement. The theory of the argument of the respondents is that the second bond was not a continuation or renewal of the first. The respondents do not

meet and sufficiently answer the claim of the appellant that the second bond was a substitute for the first. That it was such is too plain to require detailed argument or discussion. The word "substitute," as defined by Webster's New International Dictionary, means: "To put under; to put in place of; one put in place of another; one acting for, or taking the place of, another." The second bond took the place of the first and was a substitute therefor. This was expressly authorized by the contract. Whether the second bond could be said to be a renewal or a continuation of the first, it is not necessary here to determine, and no opinion is expressed upon that question.

The case of *Western Surety Co. v. Hayes,* 43 S. D. 1, 177 N. W. 120, is not in point because of the essential difference between the terms of the indemnity contract involved in that case and the one now before us.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment for the appellant.

PARKER, FULLERTON, and TOLMAN, JJ., concur.