161 So.2d 54 (1964)
Henry SORK and Mary J. Sork, his wife, Appellants,
v.
UNITED BENEFIT FIRE INSURANCE COMPANY, Appellee.
No. 63-354.
District Court of Appeal of Florida. Third District.
February 25, 1964.
*55 Henry W. Krystow, Miami, for appellants.
Welsh, Cornell, Pyszka & Carlton and Henry R. Stroemer, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
The appellee, plaintiff in the trial court, brought an action based upon a contract of indemnity executed by the appellants to the appellee, in conjunction with a construction contract and a performance bond executed by the appellants upon which the appellee was surety.
Appellant, Henry Sork, prime contractor on the construction contract, defaulted, resulting in a suit being brought against the appellee as surety on the performance bond. That suit was concluded by a judgment being entered against the appellee, who paid $6,000.00 in satisfaction thereof. When the appellants failed to reimburse the appellee in accordance with the indemnification agreement, the appellee brought the instant suit seeking the $6,000.00 it had paid to satisfy the aforementioned judgment, the costs incurred in defending the suit on the performance bond [including attorneys' fees and the costs], and attorneys' fees incurred as a result of the instant action. Issue was joined and, pursuant to the appellee's motion for a summary judgment, the trial court entered the order appealed awarding the appellee $12,023.45, plus $31.50 costs and $4,500.00 attorneys' fees.
By virtue of this appeal, the appellants allege the trial court erred in: 1.) Awarding the appellee a summary judgment on the grounds there existed a genuine issue of a material fact and, 2.) Awarding the appellee attorneys' fees [for defense of the suit on the performance bond and for the instant case] in the order granting the summary judgment, thereby depriving the appellants of their right to a jury determination of the reasonableness of those fees incurred by the appellee.
In reviewing the record in a light most favorable to the appellants, as we are required to do in reviewing summary judgments or decrees [see: Pritchard v. Peppercorn and Peppercorn, Inc., Fla. 1957, 96 So.2d 769; Humphrys v. Jarrell, Fla. App. 1958, 104 So.2d 404; Sullivan v. Swift & Company, Fla.App. 1963, 153 So.2d 30], it appears there was no genuine issue of a material fact which would, as a matter of law, allow the appellants to escape liability in the instant case. The rights of the parties at this stage arise out of the *56 indemnity agreement, which clearly obligates the appellants to indemnify and save the appellee harmless from any judgment entered against it, as a result of an action on the performance bond, from costs and attorneys' fees incurred in defense of an action on the performance bond and from costs and attorneys' fees in any action necessary to recover under the indemnity agreement. However, it was error for the trial court to include [in the final summary judgment] approximately $4,000.00 attorneys' fees incurred in defense of the suit on the performance bond, and $4,500.00 attorneys' fees incurred as a result of the instant case.
The record on appeal contains no testimony as to the reasonableness of the attorneys' fees incurred in defense of the suit on the performance bond, but rather merely contains a letter advising the appellants that the appellee had incurred $4,861.70 in attorneys' fees and costs as a result of that action. The appellee contends this constitutes sufficient evidence as to the attorneys' fees incurred, because the indemnity agreement provides that: "* * * all vouchers or agreements for expenses or liabilities incurred by the surety in good faith in adjusting, settling, paying or assuming the loss or liabilities thus incurred, or in procuring a guarantee for same and the loss incident to such risk as may be thus incurred by the surety, and including attorneys' fees and traveling expenses, shall be accepted as conclusive evidence against the undersigned * * *". We must reject such a contention because we believe and hereby find that a conclusive evidence clause, such as contained in the indemnity agreement in the instant case, is invalid in that such an agreement would be contrary to public policy. See: Fidelity & Deposit Co. of Maryland v. Davis, 129 Kan. 790, 284 P. 430, 68 A.L.R. 321; Fidelity & Casualty Co. of New York v. Eickhoff, 63 Minn. 170, 65 N.W. 351, 30 L.R.A. 586; Fidelity & Deposit Co. of Maryland v. Nordmarken, 32 N.D. 19, 155 N.W. 669; Guaranty Co. of North America v. Charles, 92 S.C. 282, 75 S.E. 387. While the record on appeal does contain affidavits as to the reasonableness of the attorneys' fees awarded for the action on the contract of indemnity, it was error to award said fees in the summary judgment as the question of reasonableness of the attorneys' fees under the contract of indemnity involved herein must be determined by a jury. See: Ronlee, Inc. v. P.M. Walker Co., Fla.App. 1961, 129 So.2d 175.
Therefore, we hereby affirm so much of the summary judgment appealed which found liability and awarded damages for the amount paid in satisfaction of the original law suit on the performance bond and which found liability for attorneys' fees. However, we reverse the finding of the trial judge as to the amount of those attorneys' fees, and remand this cause to the trial court to permit a jury to resolve what constitutes a reasonable attorney's fee both in defense of the original action on the performance bond and for prosecuting the instant action on the indemnity agreement.
Affirmed in part, reversed in part, and remanded with directions.