289 So.2d 762 (1974)
A.R. BRIGGS, Appellant,
v.
The TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, et al., Appellees.
No. 73-54.
District Court of Appeal of Florida, Third District.
February 5, 1974.
Rehearing Denied March 6, 1974.
Richard P. Kenney, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and SPECTOR, SAMUEL, Associate Judge.
SPECTOR, SAMUEL, Associate Judge.
Appellant seeks reversal of a judgment in favor of appellees on an indemnity agreement the former entered into with the latter in connection with a surety bond appellee issued upon application therefor by Benedict & Jordan, Inc., a contractor, on a project being done for the Miami Housing Authority. While Benedict & Jordan, Inc. was the principal under the surety bond, its officers, Benedict & Jordan, and their respective wives, along with appellant Briggs, each signed an indemnity agreement whereby they severally agreed to indemnify the appellee surety for any loss it might incur as a result of any default on the job by the principal, Benedict & Jordan, Inc.
The contractor, Benedict & Jordan, Inc., encountered financial difficulty and was unable to complete the housing project. The surety was notified and, after employing consultants to survey the situation, elected to follow the advice of the consultants and employed Benedict & Jordan, Inc. to complete the job now taken over by the surety.
One of the claims arising out of the project for which appellee was liable as surety was a claim by Wall Plastering Company, a subcontractor under the principal, Benedict and Jordan, Inc. The record reflects that Wall's claim could have been settled for some $67,000 and everyone recognized *763 that Wall had a good claim; and from a trial standpoint, appellee, its counsel; appellant and his counsel; Jordan and counsel for Benedict and Jordan, Inc., all felt that the Wall claim should have been settled. However, there was evidence that Mr. Benedict, the executive officer of the contractor, Benedict and Jordan, Inc., did not favor settlement because of a counterclaim in excess of $200,000 against Wall which Benedict wanted to press against Wall. Because of the counterclaim, Benedict refused to agree to a settlement and the Wall claim went to trial which resulted in a judgment for Wall in excess of $200,000. In addition to obtaining said judgment, Wall also prevailed as to the counterclaim that Benedict insisted on litigating.
The appellee surety paid the Wall judgment along with other claims against its principal, Benedict and Jordan, Inc., and subsequently in the instant action obtained a partial summary judgment against appellant Briggs as indemnitor for all sums paid to the creditors of the principal. See Sork v. United Benefit Fire Insurance Company, 161 So.2d 54 (Fla.App. 1964). Said summary judgment was conditioned in effect since the consent agreement between the parties which led to its entry reserved unto Briggs, the indemnitor, the right to contest the propriety of the quantum of payments made by the surety to the creditors.
Appellant raises several points on which he relies for reversal. First, it is contended that appellant was released from his indemnity agreement because the appellee refused to settle Wall's claim for some $67,000 when it had the opportunity to do so before trial of the Wall suit. In opposition to this contention, appellee argues that the contractual agreement between it and appellant prevented it from settling Wall's claim if there was a request by the applicants (appellant as well as the corporate principal and the individual Benedicts and Jordans were all "applicants" under the surety bond) that the claim be litigated. We agree with appellees' contention on this issue.
Paragraph 4(b) of the application for the surety bond which was executed by appellant is as follows:
"[The surety] ... shall have the right and is hereby authorized but not required.
* * * * * *
"(b) To adjust, settle or compromise any claim, demand, suit or judgment upon said bonds or any of them unless the applicants shall request such surety to litigate such claim or demand or to defend such suit or to appeal from such Judgment, and shall deposit with the surety at the time of such request cash or collateral satisfactory to them in kind and amount to be used in paying any judgment or judgments rendered or that may be rendered with interest, costs and attorney's fees."
Mr. Geissler, an agent for appellee, testified that he told Benedict and Jordan that appellee had the money for settlement available and that "We'd like them to settle... . We will pay the money if you want to settle it. We'd like to settle it." It is clear from the evidence that Mr. Benedict, the chief executive officer of the contractor, did not want to settle because he thought he had a good counterclaim against Wall. In our view, the continuing insistence by Benedict that he wished to litigate Wall's claim was ample reason for appellee not to force a settlement of the Wall claim. It is to be noted that appellant Briggs had actual knowledge of the efforts being made to gain Benedict's acquiescence to a settlement, yet he made no effort to take advantage of Wall's willingness to settle for the $67,000.00. Rather, he stood idly by hoping that someone would do something that would relieve him from liability under his indemnity agreement. In our view, appellees acted reasonably in the face of Benedict's desire to vindicate his faith in his counterclaim. No authority has been cited by appellant which holds *764 that appellees' conduct is such as to release appellant from his undertaking. See Grain Dealers Mutual Insurance Co. v. Quarrier, 175 So.2d 83 (Fla.App. 1965); Feuer v. Menkes Feuer, Inc., 8 A.D.2d 294, 187 N.Y.S.2d 116 (1959).
We have considered the remaining points raised by appellant and find them to be without substantial merit. Accordingly, the judgment appealed is
Affirmed.