## 9445

### SINGLETON v. CUTTINO.

#### (89 S. E. 385.)

1. TRUSTS—DEATH OF TRUSTEE—POWER OF SUCCESSOR.—Where a testator devises property in trust, personally naming and giving the trustee the power to pay the corpus, or withhold it and pay only the income, on death of the trustee, his successor cannot succeed to the powers of the personal trust.

2. WILLS—ESTATES CREATED—CONTINGENT REMAINDERS.—Under a will devising property to testator's two children, but if they should die without issue surviving to another, when one died with issue surviving, the remainderman had no personal interest in the property, since the contingency could never happen.

3. VENDOR AND PURCHASER—CLOUD ON TITLE—INTEREST OF GRANTOR.— Where the sole executor, who was also beneficiary of a trust, had lost his personal interest, his deed to property of the estate, which failed to show that he made it as executor with the power to sell, conveyed nothing, and was not a cloud, such as to warrant objection to title proffered.

4. VENDOR AND PURCHASER—OPTION CONTRACTS—LIABILITY.—Where the vendee agreed to accept the option, and to purchase if title proffered satisfied his lawyer, refusal to accept it cannot be sustained, unless based on reasonable grounds.

5. VENDOR AND PURCHASER—OPTION CONTRACTS—LIABILITY.—The vendee under an option contract, who agreed to accept it and to purchase if title satisfied his lawyer, but refused to accept, cannot escape liability, on the ground that the vendor has delayed making satisfactory title until his purpose could no longer be accomplished, where the vendee and his lawyer were in part responsible for the delay, through prolonging negotiations, and failing to attempt to clear an alleged cloud.

FOOTNOTE.—As to right of substituted trustee to execute powers conferred on original trustee, see notes in 16 A. & E. Ann. Cas. 325, 26 A. & E. Ann. Cas. 1913a, 1283, 50 L. R. A. (N. S.) 604 to 643; as to what constitutes "satisfactory" title within requirement of contract, see notes in 18 L. R. A. (N. S.) 741; construction of provision that title must be satisfactory to vendee, see notes in 8 A. & E. Ann. Cas. 273; as to what is a marketable title, see notes in 38 L. R. A. (N. S.) 1 to 39, 48 L. R. A. (N. S.) 874.

Before MAULDIN, J., Sumter, August, 1915.    Reversed.

Action by Anna H. Singleton against D. W. Cuttino. Decree for defendant, and plaintiff appeals.

*Messrs. L. D. Jennings* and *R. D. Epps*, for appellant, submit: *It is not necessary for the plaintiff to show a perfect title, but only a good and marketable one:* 24 S. C. 483; 48 S. C. 282; 59 S. C. 342, 350. *The surviving executor, G. W. Bradford, had full power to sell and convey the land to the plaintiff, and that his deed to her was a valid execution of this power:* 14 S. C. 538; 16 S. C. 557; 48 S. C. 520; 80 S. C. 460; 89 S. C. 198. *Trust survived:* 2 Rich. Eq. 412; 48 S. C. 516; 61 S. C. 243 and 534. *Neither life tenant nor children had any interest they could convey:* 66 S. C. 362; 20 A. & E. Enc. of L. 847; 2 Hill Eq. 235; 26 S. C. 451. *That the plaintiff has a good title by adverse possession against all persons interested:* 53 S. C. 126; 20 S. C. 52; 87 S. C. 577; 59 S. C. 440; 85 S. C. 379. *That all parties who might be interested are estopped from setting up any claim to the land in question. Renunciations of dower were not necessary upon the deed to the plaintiff:* Civil Code, sec. 3478; 14 Cyc. 896, 906; 16 Cyc. 601; 3 Words & Phrases, p. 2490. As to judicial discretion, cites: 47 S. C. 488. *As to satisfactory title:* 29 A. & E. Enc. of L. 617. *Tender of title deed:* 48 S. C. 282; 59 S. C. 342.

*Mr. Marion W. Seabrook,* for respondent, submits: *Plaintiff's deed no execution of power of sale:* 90 S. C. 8; 89 S. C. 198; 14 S. C. 540; 16 S. C. 543; cites as to "issue:" 21 S. C. 308; 16 S. C. 312; 10 S. C. 426; 7 Rich. Eq. 364; 5 Rich. L. 605; 3 Rich. 573. *Alienation and release by cestui que trust:* 39 Cyc. 234, 235 and 237; 53 S. C. 24; 1 N. & McC. 1. *Execution of trust:* Civil Code, sec. 3673; 4 Kent. Com. 335; 48 S. C. 520. *Former decision:* 13 S. C. 546; 96 S. C. 5. *Adverse possession:* 95 S. C. 245; 84 S. C. 256. *Appellant and outstanding remaindermen tenants in common:* 71

S. C. 317; 26 S. C. 244; 61 S. C. 276; 48 S. C. 491; 48 S. C. 28; 3 S. C. 254; 38 Cyc. 21; 26 S. C. 179; 15 S. C. 365; 48 S. C. 472; 3 Rich. 418; 1 Bail. 192. *Findings of fact not reviewable on appeal:* 69 S. C. 520; 71 S. C. 127. *Waiver:* 70 S. C. 16; 9 Cyc. 347. *Laches:* 31 S. C. 276; 6 Rich. Eq. 324; 7 *Ib.* 260. · *Tender of title:* 2 Rich. 361; 6 Rich. Eq. 324; 88 S. C. 525.

*Messrs. vonKolnitz & vonKolnitz,* also for respondent, cite: *As to specific performance:* 53 S. C. 572. *Execution of power:* 14 S. C. 528; 48 S. C. 516; 80 S. C. 464, 465. *Conveyance by remaindermen:* 81 S. C. 1.

July 7, 1916. ·

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action was commenced on the 17th day of January, 1914, for specific performance. On the 1st day of September, 1911, the plaintiff gave to the defendant, in writing, the option of purchasing the lands described in the complaint within 90 days. On the 21st day of November, 1911, the defendant sent to the plaintiff the following acceptance of the option:

"Mrs. Anna H. Singleton, City—Dear Madam: I hereby notify you that I accept the option given me by you, my deed dated 1st September, 1911, to purchase the tract of eighty-six and six-tenths acres described therein, for the sum of one hundred dollars per acre, and I hereby agree to purchase the said tract of land from you, on the terms therein set forth, and to pay you in cash therefor, on the receipt of which good marketable titles and full warranty deeds as in said option provided for. I am having the title examined, and will be prepared to settle the entire matter by the 30th of November, 1911, or as soon as titles can be perfected, and are satisfactory to my attorney, at which time I will tell

you in whose name I desire the deed to be made. Yours very truly, David W. Cuttino."

His Honor, the Circuit Judge, rendered a decree in which it was held that the plaintiff was not entitled to specific performance of the contract, and the plaintiff appealed.

On the —— day of February, 1887, G. W. Bradford, M. A. E. Bradford, L. V. Nunnemaker, Eulela Jones, Sallie Singleton, R. C. Bradford, W. O. Bradford, J. K. Bradford, B. W. Bradford, and Singleton Bradford executed a conveyance of the lands described in the complaint in the usual form to the defendant. At that time G. W. Bradford was the sole executor of the will of Robert Bradford, who it is admitted was the owner of said land, and that he died on the 12th day of November, 1849. The deed does not purport upon its face to have been signed by G. W. Bradford, as executor. The grantor, M. A. E. Bradford, was the daughter of Robert Bradford, the testator. The other grantors were the children of M. A. E. Bradford and G. W. Bradford, and all were of age when they signed the deed.

A deed similar to the one just mentioned, signed by G. W. Bradford, whereby he conveyed other lands of which Robert Bradford, the testator, died seized, was construed in the case of *Dick* v. *Harby*, 48 S. C. 516, 26 S. E. 900, and the first question that will be considered is whether the principles therein announced are conclusive as to the power of G. W. Bradford, the executor, to convey the lands described in the present deed, by the form of conveyance adopted. In that case it was held that where the testator, after devising certain lands in trust, adds, "If occasion should arise, in the opinion of my executors, to sell any portion of my estate, they are hereby authorized to make said sale, and to invest the proceeds, to such uses as are prescribed in relation to the property sold," a power coupled with a trust is created, and the surviving executor may sell the property for reinvestment, and that an intent to create a power will be inferred,

where there is a reference in the power or to the property on which it is to be executed.

When the case of *Dick* v. *Harby,* 48 S. C. 516, 26 S. E. 900, was heard, all the provisions of the will were not before the Court for its consideration, but only the following:

"Sixth. I give, devise and bequeath to my son, John S. Bradford, in trust and to and for the sole and separate use of my daughter, Mary Ann Bradford, during her life, all of the lands whereon I now reside and all of my real estate other than that hereinbefore devised to her brother; also the other half of all my personal estate of every description, whatsoever; and after her death, I devise and bequeath the said real and personal estate in this clause mentioned to her issue living at her death."

"Tenth. I constitute and appoint my son, John S. Bradford, and my son-in-law, Gabriel Wesley Bradford, executors of this my last will and testament.

"Eleventh. If the occasion should arise, in the opinion of my executors, to sell any portion of my estate, they are hereby authorized to make such sale, and to reinvest the proceeds, to such uses as are prescribed, in relation to the property sold."

After quoting the foregoing provisions, the Court, in the case of *Dick* v. *Harby, supra,* says:

"Testator also provided for cross-remainders, amongst the issue of his said son and daughter, and if both should die without issue then over, with directions to his executors for the ultimate partition and division of his estate."

The defendant contended on Circuit that there are two other provisions of the will, which show that the case of *Dick* v. *Harby, supra,* is not conclusive of the question now under consideration, the first of which is the remaining portion of the sixth clause, which is as follows:

"I authorize the said John S. Bradford, trustee as aforesaid, to permit my daughter and her husband, during her life, to have the actual possession of the said estate, real and

personal, or at his discretion, to withhold the same. In the latter event, he will pay over to my daughter, for her sole and separate use, the annual proceeds and profits thereof."

John S. Bradford, the trustee under the sixth clause, and one of the executors, died in the year 1854. In 1871 James Henry Dingle was appointed trustee in the place of the deceased trustee. He died in 1887. The trustee is named personally, and he is to permit the daughter and her husband to have the possession of the property, in the exercise of his discretion.

The clause shows upon its face that the power was given in special trust and confidence, and could not be exercised by his successor, or any one else.

"Where, on the death or removal of the trustee, a new trustee is appointed, the latter does not succeed to such powers as were conferred upon the original trustee as a matter of personal trust or discretion. Where, however, the power is not one involving personal trust or confidence, but is coupled with an interest, and properly pertains to the office of trustee, it will pass to his successor; and mere discretionary power may, of course, pass to the successors of the original trustee, if such appears to be the intention of the testator or donee." 22 Cyc. of Law, 1103, 1104.

See, also, *Dick* v. *Harby, supra.*

When John S. Bradford, the trustee, died in 1854, which was prior to the execution of the deed herein, there was no longer a possibility that G. W. Bradford would be permitted to enjoy the possession of the land. Therefore, as he then had no personal interest, his deed, under the principles, announced in *Dick* v. *Harby, supra,* must be referred to the power conferred upon him as sole executor.

The other provision of the will upon which the defendant relied is contained in the ninth clause, which is as follows:

"If my son, John S. Bradford, and my daughter, Mary Ann Elizabeth Bradford, should both die without leaving issue or lineal descendants, living at the

time of their death, I devise and bequeath the whole of my estate, real and personal, to Gabriel Wesley Bradford."

Prior to the execution of the deed, John S. Bradford had died, survived by a son. Therefore it was impossible for the contingency to happen upon which G. W. Bradford was to take the property, to wit, the death of both the son and daughter without issue living at the time of their deaths. It will thus be seen that G. W. Bradford had no personal interest in the land, under this clause, at the time the deed was executed. The exception raising this question is sustained.

The defendant interposed the following as a defense:

"That the acceptance of the option, and the agreement to accept the said property, was predicated upon the titles being satisfactory to his attorney, and that his said attorney has refused to accept the said title on the ground that there were outstanding remaindermen, who had a claim on the said property."

His Honor, the Circuit Judge, sustained this defense, and the plaintiff assigns error in this ruling.

Where one party agrees to do an act, to the satisfaction of another, in an ordinary business transaction, not dependent upon the taste, or upon a fact of a personal nature, and the party to whom the promise is made refuses to accept the work, on the ground that it is not satisfactory, such refusal cannot be sustained, unless it was based upon reasonable grounds. *Thompson* v. *Insurance Co.,* 63 S. C. 290, 41 S. E. 464. As the plaintiff tendered a good marketable title, it should have been accepted, and the exception raising this question should be sustained.

The defendant interposed the following defense:

"That he assigned his interest in the said contract immediately after the acceptance of the same to the Ashepoo Fertilizer Company, a corporation organized under the laws of the State of South Carolina; that he is informed and believes that his said attorney has had numerous conferences with the attorneys then representing the

plaintiff herein, and with the husband of the plaintiff, who was acting for her, and requested them to bring proceedings to remove the cloud from the title; that they failed and refused to do so, and that so long a time has elapsed that the purpose for which the said defendant and his assignee had contracted to purchase the said property has passed; and that for this as well as the other reasons hereinbefore stated this defendant declined to accept the said property, although, as hereinbefore alleged, no tender of deed or title was ever made to him."

His Honor, the Circuit Judge, sustained this defense, and error is assigned in his ruling.

The record shows that the negotiations in regard to the land continued between the plaintiff and the defendant until a short time before the commencement of the action. The defendant could have terminated the negotiations at any time, by accepting the deed or by instituting proceedings to have the rights of the parties determined. It cannot, therefore, be successfully contended that the delay in adjusting matters was solely due to the plaintiff. The exception assigning error in this respect is sustained.

These conclusions practically dispose of all the questions presented by the exceptions.

Judgment reversed.

MESSRS. JUSTICES FRASER and GAGE did not participate in the consideration of this case.