0392

Annie Mae WILLIAMS, Respondent, v. The SOUTH CAROLINA NATIONAL BANK, Appellant.

(326 S. E. (2d) )

Court of Appeals

*Stan McGuffin* and *L. Henry McKellar*, Columbia, *for appellant.*

*Thomas K. Fowler*, Columbia, *for respondent.*

Heard Dec. 10, 1984.

Decided Feb. 6, 1985.

SHAW, Judge:

Respondent Annie Mae Williams drew a check for $2.49 on appellant South Carolina National bank with insufficient funds on deposit. When SCN returned her check stamped "account closed," Williams was prosecuted for drawing a fraudulent check. Williams brought this action for negligence and SCN raised three defenses: the first is a general denial, the second alleges sole negligence on Williams' part, the third alleges contributory negligence. The trial court granted Williams' motion to strike the material paragraphs of SCN's second defense and the entire third defense. We affirm in part and reverse in part.

A motion to strike is addressed to the sound discretion of the trial court; its decision will not be reversed absent a showing of abuse of discretion. *Totaro v. Turner*, 273 S. C. 134, 254 S. E. (2d) 800 (1979).

The trial court did not abuse its discretion in granting Williams' motion to strike as it related to the material paragraphs of SCN's sole cause defense because "redundant matter ... in a pleading ... may be stricken." S. C. Code Ann. Section 15-13-60 (1976). By bringing this action

Williams assumed the burden of proving SCN proximately caused her damages. *Bain v. Self Memorial Hospital*, 281 S. C. 138, 314 S. E. (2d) 603 (Ct. App. 1984). Since general denials put in issue every material allegation of the complaint not admitted, by raising a general denial SCN will be entitled to introduce evidence controverting Williams' causation claims. *Funderburke v. Johnson*, 253 S. C. 430, 171 S. E. (2d) 597 (1969). A separate defense on causation was unnecessary.

However, the trial court abused its discretion in granting Williams' motion to strike as it related to the contributory negligence defense. The court construed SCN's third defense as a continuation of the allegations regarding causation; although inartfully drafted, we find it raises the affirmative defense of contributory negligence. The defense of contributory negligence cannot be used at trial unless it is affirmatively pled. *Lawrence v. Southern Railway-Carolina Division*, 169 S. C. 1, 167 S. E. 839 (1933); *Leader v. South Carolina Highway Department*, 244 S. C. 195, 136 S. E. (2d) 262 (1964).

Affirmed in part and reversed in part.

SANDERS, C. J., and BELL, J., concur.