Giacomo D. CATUCCI

v.

Alice M. PACHECO, alias d/b/a
Wholesale Countertops & Solid
Surface, Inc., et al.

No. 2001–280–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 2005.

Charles M. Vacca, Jr., Esq., for Plaintiff.

Harry W. Asquith, Jr., Esq., for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

GOLDBERG, Justice.

This case came before the Supreme Court for oral argument on November 1, 2004, on appeal from a judgment of the Superior Court in favor of the plaintiff, Giacomo D. Catucci (plaintiff or landlord), by Wholesale Countertops & Solid Surface, Inc., a named defendant, and three parties added as party defendants at the close of the plaintiff's case (collectively, defendants): an unincorporated entity called the Countertop Store; Alice M. Pacheco, d/b/a the Countertop Store; and Anthony Pacheco, d/b/a the Countertop Store. The defendants assign error to the trial justice's decision to add the new party defendants *sua sponte* at the close of the plaintiff's case. We vacate the judgment.

## Facts and Travel

On April 26, 1995, plaintiff filed a complaint against Wholesale Countertops & Solid Surface, Inc. (Wholesale),[1] seeking to collect $10,296.49 in rent and utilities due under a two-year lease agreement for premises at 95 Hathaway Street, Providence (95 Hathaway or the premises). On August 23, 1995, plaintiff amended his complaint to add two new defendants, Alice M. Pacheco, d/b/a Wholesale Countertops & Solid Surface, Inc., and the Countertop Store, Inc., and to request an additional $500 in compensatory damages as reimbursement for a fine imposed for hazardous waste allegedly left behind by the tenants of 95 Hathaway in violation of a city ordinance. Significantly, for the purposes of this appeal, neither the unincorporated entity the Countertop Store, Alice M. Pacheco, d/b/a the Countertop Store, nor Anthony Pacheco, d/b/a the Countertop Store (collectively, new party defendants), was named in the amended complaint.

The case was tried to a jury, and plaintiff called three witnesses: his property manager, Christopher Catucci (Christopher or property manager); and, as hostile witnesses, Alice M. Pacheco (Alice) and Anthony Pacheco (Anthony or, collectively, Pachecos). The property manager explained that, in 1992, a new lease was negotiated, but never signed, between plaintiff and the Pachecos for 95 Hathaway. Although he did not personally negotiate this lease, the property manager believed that plaintiff negotiated a lease with both Wholesale and the Pachecos as

1. Wholesale Countertops & Solid Surface, Inc., is a separate corporate entity from Wholesale Countertops, Inc., which also was formed by Alice and Anthony Pacheco. Wholesale Countertops, Inc., also leased property from Giacomo D. Catucci, but its bankruptcy served to terminate that lease in 1992.

tenants. However, Wholesale was listed as the lessee on the unsigned lease. Because the lease never was signed, the parties entered into an oral, month-to-month "lease." The property manager testified that plaintiff addressed every monthly rent invoice for 95 Hathaway to Wholesale.

The property manager testified to his belief that, during the course of the tenancy, a business called the "Countertop Store" began operations at 95 Hathaway. He recalled that on at least three occasions, beginning in January 1995, he received inquiries from the general public, rather than the contractors that usually dealt with Wholesale, asking for the Countertop Store. He noted that a second phone line had been installed at 95 Hathaway, and he recounted a conversation with Wholesale's employees about a new location. He believed that the Countertop Store and Wholesale were the same operation because the Pachecos were in "charge of everything."

Alice testified that she served as the president and director of Wholesale. Alice testified that at one point she and her husband operated an unincorporated entity called the Countertop Store, but that business was unrelated to Wholesale. On January 12, 1995, the Countertop Store, Inc., was incorporated, and in its articles of incorporation, Anthony was listed as the president, secretary, and treasurer. According to Alice, the unincorporated entity known as the Countertop Store became the Countertop Store, Inc. Beginning in May 1994, the Countertop Store, at 1120 Eddy Street, Providence, was listed in the NYNEX white pages. The defendants have argued that the unincorporated entity, the Countertop Store, ceased existence when the Countertop Store, Inc., was incorporated.

The property manager received a notice, dated April 26, 1995, advising that, as of June 1, 1995, Wholesale no longer would be occupying 95 Hathaway. Alice signed this notice as "president." On or about May 5, 1995, the Internal Revenue Service placed locks on the doors of 95 Hathaway and posted a notice of tax sale and foreclosure. Shortly after the IRS's visit, the property manager found and removed a document posted on the door of 95 Hathaway giving Wholesale's phone number with directions to the Countertop Store at its new location on Eddy Street. The Pachecos denied ever seeing this document before trial. On October 27, 1995, the State of Rhode Island revoked Wholesale's certificate of incorporation.

The property manager recounted plaintiff's claims for outstanding rent and utilities, clean-up costs incurred once the tenants left the property, and reimbursement for the fine imposed by the city of Providence.

After the IRS closed Wholesale, Alice admitted, the Countertop Store, Inc., finished outstanding orders for Wholesale's customers. Alice testified that the Countertop Store, Inc., first occupied the Eddy Street premises in February or March 1995. Anthony was the owner and president of the Countertop Store, Inc. Alice and Anthony both denied that either the Countertop Store or the Countertop Store, Inc., occupied or conducted any business at 95 Hathaway.

At the close of plaintiff's case, the defense argued that there was insufficient evidence to proceed against the Countertop Store, Inc., and Alice Pacheco, d/b/a Wholesale, and moved for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure. The defendants did not move for judgment as a matter of law on Wholesale, although that corporation was defunct at the time of trial. The trial justice concluded that the record did not speak to any fraudulent

behavior by Alice that entitled plaintiff to disregard Wholesale's corporate identity, and that no evidence placed the Countertop Store, Inc., at 95 Hathaway. The trial justice granted judgment as a matter of law for the Countertop Store, Inc., and Alice M. Pacheco, d/b/a Wholesale. However, the trial justice determined that the testimony of Christopher, Alice, and Anthony "taken all together * * * seem[s] to put some activity by a business—an unincorporated business, known as the Countertop Store, at [95] Hathaway Street, prior to the padlocking by the IRS." The trial justice decided:

> "that here we have an argument that can be made that there are two separate entities functioning out of one location at some time prior to the padlocking * * * [and] even after the creation of the Countertop Store, Inc.[,] in January of '95, the Pachecos ran a parallel operation, a separate entity known as the Countertop Store, an unincorporated entity which was doing something at the [95] Hathaway Street address."

The trial justice specifically referred to Rule 15 of the Superior Court Rules of Civil Procedure and posited that Rule 15 would allow for an amendment to the complaint adding new defendants after the close of plaintiff's case. Further, the trial

justice noted, the case had been tried, without objection, as if the Countertop Store, Anthony, d/b/a the Countertop Store, and Alice, d/b/a the Countertop Store, were actual defendants. The court permitted plaintiff to file an amended complaint adding the Countertop Store, Anthony, d/b/a the Countertop Store, and Alice, d/b/a the Countertop Store,[2] but explicitly held that he was not piercing the corporate veil.

On written interrogatories,[3] the jury found Wholesale, the Countertop Store, and the Pachecos, as partners in the unincorporated entity, responsible for the payment of $3,725.57, plus interest for unpaid rent, electrical services, cleanup costs, and other services.

On May 28, 1999, in accordance with Rule 50(b), defendants filed a post-judgment motion seeking entry of judgment as a matter of law or, in the alternative, a new trial, primarily challenging the trial justice's decision to join additional party defendants at the close of plaintiff's case. The trial justice heard and denied the motion, and defendants timely appealed.

### Issues Presented

On appeal, defendants argue that the trial justice erred when, *sua sponte*, at the close of plaintiff's case, he added the new

---

**2.** The record does not reflect that plaintiff filed an amended complaint adding the Countertop Store, Anthony Pacheco, d/b/a the Countertop Store, and Alice M. Pacheco, d/b/a the Countertop Store, as party defendants. However, Rule 15(b) of the Superior Court Rules of Civil Procedure provides that the "failure so to amend does not affect the result of the trial of these issues."

**3.** The trial justice submitted the following written interrogatories to the jury:

> "1. Do you find that prior to the time the Internal Revenue Service padlocked the premises at 95 Hathaway Street in May of 1995, the Pachecos conducted any activities

at that location in connection with a business known as The Countertop Store?

> "2. Was Alice M. Pacheco involved in the ownership or management of the unincorporated business known as The Countertop Store?

> "3. Was Anthony Pacheco involved in the ownership or management of the unincorporated business known as The Countertop Store?

> "4. Is the plaintiff, Giacomo D. Catucci, entitled to receive any compensation for nonpayment of rent, electrical services, or other services he provided at the premises on Hathaway Street that have been the subject of this trial?"

party defendants. The defendants contend that the trial court erred in instructing the jury that if the Countertop Store derived a benefit from conducting business at 95 Hathaway, then the Countertop Store may be liable for back rent or utilities under an unjust enrichment theory. The defendants also appeal from the denial of their motion for judgment as a matter of law or, in the alternative, a new trial. The defendants ask that the judgment against Wholesale be affirmed and the judgment against the new party defendants be vacated.

## Discussion

■ "[T]he amendment of pleading is governed by Rule 15."[4] *Mainella v. Staff Builders Industrial Services, Inc.*, 608 A.2d 1141, 1143 (R.I.1992). This Court assumes a liberal position with respect to the amendment of pleadings under Rule 15, *Kenney v. Providence Gas Co.*, 118 R.I. 134, 140, 372 A.2d 510, 513 (1977), and "affords great deference to the trial jus-

tice's ruling on a motion to amend." *Normandin v. Levine*, 621 A.2d 713, 715 (R.I. 1993). "We have long held both that the decision about whether to permit a party to amend his or her pleading is one that is left exclusively to the sound discretion of the trial justice and that we shall not disturb that decision unless it constitutes an abuse of discretion." *Id.*

We note at the outset that neither Rule 15(a) nor 15(c) is before us on appeal. Rule 15(a) provides that, after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." There is no suggestion that plaintiff sought leave of the Superior Court to amend his complaint to add the Countertop Store or the Pachecos, or that plaintiff received written consent of the adverse party to do so. Therefore, the parties waived our consideration of this issue by failing to present legal

4. Rule 15 provides in pertinent part:

"**Amended and supplemental pleadings.**—(a) *Amendments.* A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"(b) *Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by *express or implied consent* of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely *when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the objecting party in maintaining the party's action or defense upon the merits.* The court may grant a continuance to enable the *objecting party to meet such evidence.*

"(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party against whom a claim is asserted relates back if the foregoing provision is satisfied * * *." (Emphases added.)

authorities and to argue the applicability of Rule 15(a). *See Wilkinson v. State Crime Laboratory Commission,* 788 A.2d 1129, 1131 n.1 (R.I.2002).

Rule 15(c) has no application to the addition of the new party defendants in this case because it merely serves to relate back an amendment adding a claim, defense, or new party to the date of the original complaint. *See Manocchia v. Narragansett Capital Partners Television Investments,* 658 A.2d 907, 910 (R.I.1995).

Accordingly, we shall confine our analysis to what the trial justice explicitly allowed: an amendment of the pleadings to conform to the evidence pursuant to Rule 15(b). Although a motion to amend the pleadings so that they conform to the proof under Rule 15(b) rests in the sound discretion of the trial court, *Kenney,* 118 R.I. at 140, 372 A.2d at 513, Rule 15(b) concerns the trial of issues not raised in the pleadings and not parties who should have been named before trial.

■ In *Kenney,* we held that implied consent to add an unpleaded issue under Rule 15(b) "is not established merely because evidence which is relevant to an issue expressly embraced by the pleading will also inferentially suggest the unpleaded issue." *Kenney,* 118 R.I. at 141, 372 A.2d at 513–14. "There can be no implied consent under Rule 15(b) unless the parties clearly understand that the evidence in question is aimed at the unpleaded issue." *Kenney,* 118 R.I. at 141, 372 A.2d at 514. If a party does not object to the evidence aimed at an unpleaded issue, then it consents to the trial of that issue, *Fram Corp. v. Davis,* 121 R.I. 583, 591, 401 A.2d 1269, 1274 (1979), but this does not require that "a party must object to every reference to an unpleaded issue." *Duquette v. Godbout,* 416 A.2d 669, 671 (R.I.1980). We simply require that the party voice an effective objection to the unpleaded issue. *Id.*

■ We reject the contention that defendants gave express or implied consent to the addition of the new party defendants. At the close of plaintiff's case, outside the presence of the jury, defendants objected to the use of this evidence to support the addition of new parties to the case. Additionally, when the trial justice suggested that Rule 15 "permit[s] even an amendment at this juncture[,]" in this same discussion, counsel for defendants stated, "[m]y objection is * * * [t]his just isn't amending the [c]omplaint to conform to * * * some cause of action which arose during the evidence, it is actually adding a new entity to this case." We are satisfied that when the trial justice first suggested that the Countertop Store was a party under Rule 15, defendants entered an effective objection to the addition of the new party defendants. There is nothing in the record indicating that defendants offered evidence impliedly adding the Countertop Store as a party defendant, nor is there a suggestion that plaintiff was seeking to add new party defendants because the trial justice added them *sua sponte.* Consequently, defendants did not impliedly or explicitly consent to the addition of the new party defendants.

■ Notwithstanding the dubious relevance of Rule 15(b) to the circumstances in this case, by granting plaintiff leave to amend his complaint without considering possible prejudice to defendants, the trial justice failed to accord defendants the protections required by the rule. *Duquette,* 416 A.2d at 672. We deem it prejudicial to add parties without sufficient notice. Moreover, plaintiff's failure to satisfy even the minimal requirements of notice pleading, which even drew the trial justice to comment on the deficiency of the plead-

ings,[5]served to compound the risk of prejudice.

■ Our caselaw consistently has mandated that when a trial justice considers and rules on an issue *sua sponte*, the parties must be afforded notice of the issue and allowed an opportunity to present evidence and argue against it. *Vargas Manufacturing Co. v. Friedman*, 661 A.2d 48, 55 (R.I.1995). Moreover, "[u]nder the general principles of the adversary system, a party should not be granted relief that it did not request." *Providence Journal Co. v. Convention Center Authority*, 824 A.2d 1246, 1248 (R.I.2003). In *Vargas Manufacturing Co.*, 661 A.2d at 54–55, although the counterclaim sought punitive damages based solely upon misrepresentations made by plaintiff and its agents, the trial justice *sua sponte* awarded punitive damages to defendants based upon threats that amounted to the crime of extortion. The counterclaim did not mention threats that plaintiff made, nor request punitive damages based upon threats, and defendants never sought to amend their counterclaim under Rule 15. *Vargas Manufacturing Co.*, 661 A.2d at 55. Although we agreed that plaintiff's statements amounted to extortion, we vacated the award of punitive damages because plaintiff was not given notice that it could be liable for punitive damages for extortion and, therefore, did not have a meaningful opportunity to present a defense. *Id.*

■ In the case before the Court, defendants first were given notice of the addition of the new party defendants at the close of plaintiff's case and were not prepared to offer any witnesses or otherwise defend. Although the liability of the defunct Wholesale was readily apparent, the addition of the new party defendants was based on the depth of their pockets and not on a determination that they were necessary, proper, or indispensable parties.

We are equally satisfied that the failure to satisfy the requirements of notice pleading was compounded by insufficient evidence supporting the inference that the premises were occupied by a noncorporate partnership known as the Countertop Store or even who the partners were. The trial justice, therefore, was precluded from adding the new party defendants.

■ Rule 21 of the Superior Court Rules of Civil Procedure governs the addition, removal, and substitution of parties to an action by the Superior Court. *See Mateer v. Mateer*, 105 R.I. 735, 745, 254 A.2d 417, 422 (1969) (no abuse of discretion in denying defendants motion to add a party defendant at the close of the plaintiff's case). Rule 21 provides: "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The plaintiff failed to move under Rule 21 to add the new party defendants, and the trial justice specifically referred to Rule 15s provision relating to the trial of issues not raised in the pleadings. Because the parties failed to brief the applicability of Rule 21 on appeal or raise it during oral argument, we deem the issue waived. Article I, Rule

---

5. When considering whether to dismiss the Countertop Store, Inc., and Alice M. Pacheco, d/b/a Wholesale Countertops & Solid Surface, Inc., as parties, and naming the Countertop Store, Alice M. Pacheco, d/b/a the Countertop Store, and Anthony Pacheco, d/b/a the Countertop Store, as defendants, the trial justice noted that "it would have been a much easier situation if these pleadings were in a better shape when they were brought by the plaintiff. So, I'm doing what I can to do substantial just[ice] between the parties and put this dispute to rest once and forever with, of course, the involvement of the jury as fact finders."

16(a) of the Supreme Court Rules of Appellate Procedure provides that "[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the [Supreme Court]." As we explained in *Wilkinson*, 788 A.2d at 1131 n.1, "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." Here, the parties failed to argue Rule 21, and we need not decide its applicability in the context of this case. If we did so, however, we would deem the addition of parties who should have been named long before trial to be an abuse of discretion.

The advisory committee notes to Rule 21 of the Federal Rules of Civil Procedure, which is identical to Rhode Island's Rule 21, indicate that this rule was directed at a "defect of parties'." *See Southern Electric Generating Co. v. Allen Bradley Co.*, 30 F.R.D. 135, 136 (S.D.N.Y.1962) (stating that Rule 21 " 'is addressed to the court's discretion, [and] application of the rule is premised upon a defect of parties"); *United States v. E.I. Du Pont De Nemours Co.*, 13 F.R.D. 490, 494 (N.D.Ill.1953); *Mendelsohn v. Whitfield*, 312 S.C. 17, 430 S.E.2d 524, 527 (Ct.App.1993) (holding that "Rule 21 deals with situations in which the absence of necessary parties or the misjoinder of parties in the action would warrant dismissing the suit"). Furthermore, by its terms, Rule 21 permits the addition of a party only "on such terms as are just," which is incongruous with adding a party defendant whose fault was not established by the evidence but simply would open another avenue for plaintiffs recovery.[6]

We are mindful that the liability of Wholesale clearly was established; only its ability to pay the judgment was doubtful. Consequently, we vacate the judgment in part.

Because of our disposition of these issues, we need not reach the defendants' other assignments of error.

### Conclusion

For the reasons set forth herein, the judgment is affirmed in part and vacated in part. The papers in this case may be remanded to the Superior Court with directions to vacate the judgment against the unincorporated Countertop Store, Alice M. Pacheco, d/b/a the Countertop Store, and Anthony Pacheco, d/b/a the Countertop Store. The judgment against Wholesale Countertops Solid Surface, Inc., is affirmed.

---

**6.** The history and purpose of Rule 21 of the Federal Rules of Civil Procedure was to "provide[ ] the courts with a valuable procedural device that can be used to avoid multiple litigation and to promote liberal joinder of parties." 7 Charles A. Wright, et al., *Federal Practice and Procedure,* § 1681 at 473 (3rd ed. 2001).